ROBERTSON, Justice:
A jury empaneled in the Chancery Court of Attala County, Mississippi, found the instrument dated February 24, 1967, and probated in that court to be the true last will and testament of Viola Riley Lewis. The husband of the testatrix had predeceased her and she had no children; her mother and father were dead. The contestants were Alberta Riley Sides, a niece of the deceased and a resident of Cape Girardeau, Missouri; other nieces and nephews, an aunt, some first cousins and a second cousin, all of whom were non-residents of the State of Mississippi, except a nephew who lived in Greenville, Mississippi, and a second cousin who lived in Attala County, Mississippi.
Viola Riley Lewis was about sixty-eight years of age when she executed the will dated February 24, 1967. Her husband, Lonnie Lewis, had died in July, 1966, and she executed her first will shortly thereafter, leaving her estate to Alberta Riley Sides and Rhoda Riley, two of her nieces. After her husband’s death, the testatrix realized that she needed help in looking after her needs and when none of her nieces would come live with her and help her, she changed her will leaving everything to Freddie Adams and Shirley Ruth Adams and appointing them co-executrixes.
On February 24, 1967, she sent Edgar Nash, a long-time friend, to J. D. Winters, a partner in a funeral home in Kosciusko, with the request that he come by her home because she wanted him to prepare some papers for her. She told Winters that she had been trying to get some of her people to come live with her and take care of her, but that none of them would come, and she wanted to change her will and leave her estate to Freddie Adams and Shirley Ruth Adams, who had been looking after her and taking care of her.
Winters testified that:
“Being a Notary I questioned her pretty good because I thought anybody would want their own people to have what they had but she said they wouldn’t take care of her. She said she wanted to change the will. These people had been taking care of her for a long time. But I ' couldn’t "talk her out of it.
“Q. Go ahead and proceed, tell all you did.
“A. Then she gave me the will and asked me to change the name of the will. I went up and changed the name and carried it back and I read it to her. I said ‘Is this what you want?’ and she said, ‘Yes, this is what I want because I need somebody to take care of me. I am sickly most of the time.’ ”
She then executed the will and Whitt Stingley and Joe B. Bridges signed as attesting witnesses.
Winters testified that she fully understood what she was doing, that it was her free will and that she was not motivated by anybody else to make her will in this way.
There was testimony that Freddie Adams and Shirley Ruth Adams had been taking care of Viola Riley Lewis for some time and that they continued to take care of her until a nephew, who arrived on the scene shortly before her death, took over. Estella Bluminburg, a neighbor of the deceased, and a sister of Freddie Adams and an aunt of Freddie’s daughter, Shirley Ruth Adams, testified that:
“A. Well, she came out to my house and asked — she told me that she wanted to give — to will to Freddie and Shirley Ruth what she had because they waited on her. She wanted them to have all she had at her death. That is what she said.
*61 “Q. Did she do this on the day the will was executed?
“A. I don’t know when this will was executed. She. just came there and told me that that is what she wanted to do. She had no folks there to do for her and she wanted somebody to wait on her. She had no close relatives. She wanted them to wait on her while she lived, and when she died, she would give them what she had left.”
The only errors assigned were:
“1. The verdict of the jury is contrary to the overwhelming weight of the evidence that Viola Riley Lewis was under the undue influence of the appellees at the time of the execution of the will.
“2. The court erred in granting the appellees Jury Instruction No. 5.
“3. The court erred in not sustaining the motion of the appellants for a judgment notwithstanding the verdict of the jury since the will was not properly and legally attested.”
The contestants filed a written motion that the court make up an issue to be tried by the jury. The court entered an order making up the issues of mental capacity and undue influence as the only issues to be tried by the jury.
The question of whether the will was properly and legally attested was not before the court or jury and cannot be raised for the first time in a “Motion for Judgment in Favor of the Contestants Notwithstanding the Verdict of the Jury.” Moreover, the evidence makes it abundantly clear that the will probated was properly and legally attested.
Nine witnesses testified for the proponents and four for the contestants. Dr. Coleman Pickle, whose testimony the contestants argue was conclusive on the issue of mental capacity, testified that he saw Viola Riley Lewis for the first time in May, 1961, and that his diagnosis was “cerebral arteriosclerosis or hardening of the arteries”.
He gave her medicines for this, and treated her until October 9, 1964. He did not see her again until March 25, 1968. He testified about this period:
“A. I know absolutely nothing about her between 10-9-64 and 3-25-68.”
Viola Riley Lewis executed her last will on February 24, 1967. Dr. Pickle further testified that people suffering from hardening of the arteries frequently have lucid periods.
The issues raised were for the jury to decide under proper instructions from the court. Instruction No. 5 for the proponents properly informed the jury that “the material inquiry is the capacity of the Testator on the very day and at the very time of the execution of said instrument.” This language at the end of Instruction No. 5:
“[A]nd this is true, regardless of what you may think or believe as to the mental capacity of said Viola Riley Lewis at any other time,”
does not invalidate this instruction.
There was substantial evidence supporting the unanimous verdict of the twelve member jury that the instrument dated February 24, 1967, was the true last will and testament of Viola Riley Lewis. We affirm the judgment based on this verdict.
Affirmed.
GILLESPIE, P. J., and JONES, INZER and SMITH, JJ., concur.